UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA MAY,<br><br>  Plaintiff,<br><br>  v.<br><br>TEARON P. MOORE, DOES 1 TO 5,<br><br>  Defendant. | No. 2:19-cv-02421-TLN-CKD<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendant Tearon P. Moore's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of California, County of Kern, due to lack of subject-matter jurisdiction.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 19, 2019, Plaintiff Patricia May ("Plaintiff") brought an action for unlawful detainer against Defendant for possession of the real property known as 8036 Greenwood Avenue, California City, California 93505 ("the Property"). (Notice of Removal, ECF No. 1, at 6.) On December 3, 2019, Defendant filed a Notice of Removal removing this unlawful detainer action from the Kern County Superior Court. (ECF No. 1.)

1

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Federal court jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

Defendant removed the above-entitled action to this Court on the basis of federal question jurisdiction. (ECF No. 1 at 2–3; *see also* ECF No. 1-1.) Defendant argues that his Answer, previously filed in state court, asserts an affirmative defense that "depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (ECF No. 1 at 2.) Even if the Court were to assume that Defendant's asserted affirmative defenses encompass a federal question, it is clear that the Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 5–8.) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. Based on the well-pleaded complaint rule as articulated above, removal cannot be based on a defense, counterclaim, cross-claim, or third-party

claim raising a federal question.  *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43.  Thus, while Defendant seems to contend in the notice of removal that Plaintiff has violated a federal law, this assertion relates only to an affirmative defense or potential counterclaim, which cannot be considered in evaluating whether a federal question appears on the face of Plaintiff's Complaint.  *See Vaden*, 556 U.S. at 60-62.

In short, because the state court Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law.  There being no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

### IV.  CONCLUSION

For the reasons stated above, Defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of Kern.

IT IS SO ORDERED.

Dated: December 13, 2019

_____
Troy L. Nunley
United States District Judge